## NEW YORK CÁSUALTY CO. v. REMLING.

### No. 10003.

Court of Civil Appeals of Texas.
San Antonio.

April 28, 1937.

Rehearing Denied July 7, 1937.

Swearingen & Miller and Ingrum & Morris, all of San Antonio, for appellant.

Martin S. Tudyk and G. Woodson Morris, both of San Antonio, for appellee.

SMITH, Chief Justice.

On August 11, 1931, T. J. Remling, in anticipation of engaging in business in the city of San Antonio as an electrical contractor, or master electrician, obtained an indemnity, or fidelity, bond from the New York Casualty Company, in which he as principal, and the casualty company as surety, were obligated to pay to said city the sum of $5,000, for the benefit of third persons with whom Remling might deal in the operation of said business. The casualty company, through its local agent, issued said bond for which Remling paid the required first annual premium of $50.

Upon issuance of said bond, and the filing of same with the appropriate city official, Remling rented and equipped a building, and opened and successfully operated his said business of electrical contractor, or master electrician. Four months later, on December 2, 1931, the casualty company, through its local agent, notified Remling and the city authorities that said bond was being canceled, effective December 7th, and Remling thereupon sold out his materials and supplies, and quit said business, and, subsequently, brought this suit against the casualty company, and recovered judgment for $800 actual damages alleged to have been sustained by him as a proximate result of the wrongful cancellation of said bond. He also sought to recover $500 penalty of the company because of its alleged refusal to furnish him, upon request, a written statement of its reasons for canceling the bond, as provided in article 4979, R.S.1925, but the trial court denied recovery upon that count. The casualty company has appealed from the judgment for $800 actual damages. The case was tried by jury, upon special issues.

The suit appears to have been brought upon the assumption that appellee was prohibited by law from engaging in said business in said city except upon license therefor duly issued by appropriate municipal authority, after the applicant had procured and filed a bond, such as that made in this case; that appellee met those requirements by filing said bond upon which he was duly licensed and entered into said business, and operated same until appellant wrongfully canceled said bond, by reason of which cancellation he was forced to give up his business and thereafter refrain from engaging in same, to his damage.

Appellant complains, in his first and second propositions, of the failure of the trial court to charge the jury, or submit an issue, upon the question of the ad-

mitted failure of appellee to avoid or minimize the damages alleged to have been sustained by him by reason of the cancellation of the bond in question. Appellee alleged that upon procuring said bond he had rented and equipped a suitable building for his business and had built up a "profitable" business. He testified that up to and at the time of the cancellation of said bond he had made and was making a net profit of $300 a month out of his operation of said business, but that upon the cancellation of said bond he sold his equipment, materials, and supplies for four or five hundred dollars, and quit, and did not thereafter resume, said business. It was admitted that appellee could have procured, and was offered, another bond from appellant, for an annual premium of $35, and that he could have procured a similar bond from other companies for a premium of $50, and had he done so his damages would have been no more than the cost of one year's premium on a new bond; that instead of procuring a new bond, and thereby preventing, or diminishing, his damages to $35, or $50, he elected to give up his business, and his net profits of $300 per month, and brought this action against the casualty company to recover the total profits he would have made during the unexpired tenure of the bond, and for exemplary damages, as well as the unearned premium upon the canceled bond. In submitting the case to the jury, the trial court omitted this question of diminished damages, which was well pleaded by appellant. Appellant objected to the court's charge because of that omission, and, further, requested the court to charge the jury as follows:

"Gentlemen of the jury you are charged herein that if the plaintiff T. J. Remling could have saved himself from loss arising from the cancellation of the bond in this case at reasonable expense or by the use of reasonable exertion or diligence it was his duty to do so and failing to do so he can charge the defendant New York Casualty Co., only with such damage as with reasonable endeavors and expense he could not have prevented."

We are of the opinion that the court erred in refusing to so charge the jury, in the absence of any special issues submitted upon the question. We think the record shows, as a matter of law, that when confronted with the cancellation of appellee's bond appellee was required to get another bond (at a cost of not more than $50) and thereby avoid the loss of his plant and equipment and his assured future profits of at least $300 per month. The record shows that appellant canceled the bond without any reason. For that mistreatment, appellee was entitled to his actual damages, at least to the extent of the unearned premium upon the canceled bond, and for such exemplary damages as the case warrants. But, under elemental and familiar rules, the law will not permit him to sit indifferently by and profit by the accumulation of further damages which he could avoid by reasonable effort and negligible expense. The jury should have been so instructed in this case.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellee insists, in his motion for rehearing, that the contract in this case, not being one for personal services, but one of a class "requiring by their terms the performance of some specific act or service, which do not require all, or a great portion of plaintiff's time, and do not preclude plaintiff from undertaking and being engaged in the performance contemporaneously of other contracts of specific acts or services," was such that its breach by the contractor rendered the latter liable to the contractee for all losses sustained by him during the term of the contract; that upon the breach by the contractor the contractee was under no duty to minimize his damages, but could sit idly and securely by and watch his losses accumulate, when he could have easily avoided them. We do not think this indemnity contract is within the class relied upon by appellee to excuse him from the ordinary duty of minimizing his losses in event of breach of the contract. This contract was to indemnify appellee against damages which others might recover of him for injuries occurring to them or their property by reason of appellee's negligence, and none of the contingencies provided against occurred in this case.

It is contended by appellee only that under city ordinances he was prohibited from engaging in his trade as master electrician unless protected by indemnity bond such as that involved; that when appellant canceled said bond it left him without that protection, whereupon he voluntarily suspended his business, and made no effort to avert the ensuing losses, although he

could have saved himself from any loss by the simple process of securing another bond, either from appellant, or any like insurer, with little effort and negligible expense. We adhere to the holding that he should have made some effort to that end, and then called upon appellant to make good his losses, if any.

Appellee's motion for rehearing is overruled.